IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL SIMPSON,<br><br>        Plaintiff,<br><br>  vs.<br><br>SAN BERNARDINO SUPERIOR COURT, et al,<br><br>        Defendants. | No. C 09-5027 JSW (PR)<br><br>**ORDER OF TRANSFER** |

      Plaintiff, a California prisoner, has filed this civil rights action under 42 U.S.C. § 1983 against the civil commitment unit of the San Bernardino County Superior Court. Plaintiff has neither paid the filing fee nor filed a motion to proceed *in forma pauperis.*

      San Bernardino County is within the venue of the United States District Court for the Central District of California. Plaintiff alleges that the Defendants work in San Bernardino County, California. However, other than a request for a venue transfer to this Court and a one page description of Plaintiff's civil commitment hearing, the Plaintiff does not identify the basis for his civil rights complaint.

      When jurisdiction is not founded solely on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Where a case is filed in the wrong venue, the district court has the discretion either to dismiss the

case or transfer it to the proper federal court "in the interest of justice."  28 U.S.C. § 1406(a).  Venue may be raised by the court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run.  *Costlow v. Weeks,* 790 F.2d 1486, 1488 (9th Cir. 1986).

Plaintiff brings his claims against Defendants who reside in San Bernardino County, within the venue of the Central District of California.  *See* 28 U.S.C. § 84.  While Plaintiff alleges generally that the United States District Court for the Central District of California has failed to perform judicial duties, that fact does not create venue for this matter in this Court under 28 U.S.C. § 1391.  Further, Plaintiff has alleged no basis by which an entire district court should be disqualified from hearing his claims.

Accordingly, IT IS ORDERED in the interest of justice, and pursuant to 28 U.S.C. § 1406(a), that this action be TRANSFERRED to the United States District Court for the Central District of California.  The Clerk of the Court shall transfer this matter.

IT IS SO ORDERED.

DATED: November 2, 2009

JEFFREY S. WHITE
United States District Judge